# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST, AS INDENTURE TRUSTEE, FOR THE CSMC 2015-PR1 TRUST, MORTGAGE-BACKED NOTES, SERIES 2015-PR1,<br><br>**Plaintiff**,<br><br>**v.**<br><br>AMALCHI CASTILLO-SÁNCHEZ,<br><br>**Defendant**. | **Civil No.** 19-1445 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

Before the Court is Amalchi Castillo-Sánchez ("defendant")'s motion to dismiss, for lack of subject matter jurisdiction, the complaint filed by Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Indenture Trustee, for the CSMC 2015-PR1 Trust, Mortgage-Backed Notes, Series 2015-PR1 ("plaintiff"). (Docket No. 9.)

Federal courts are courts of limited jurisdiction. Destek Grp., Inc. v. State of N.H. Pub. Utils. Comm'n, 318 F.3d 32, 38 (1st Cir. 2003). The party invoking federal subject matter jurisdiction shoulders the burden of establishing jurisdiction by the preponderance of the evidence. See Bank One, Tex., N.A. v. Montle, 964 F.2d 48, 50 (1st Cir. 1992).

To invoke the Court's diversity jurisdiction properly, a plaintiff must demonstrate that the amount in controversy exceeds $75,000 and that there is complete diversity of citizenship between all plaintiffs and all defendants. 28 U.S.C. § 1332(a); Álvarez-Torres v. Ryder Mem'l Hosp., Inc., 582 F.3d 47, 53 (1st Cir. 2009).

A corporation is a citizen of every state in which it is incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1). To identify a corporation's principal place of business, courts use the "nerve center" test. Hertz Corp. v. Friend, 559 U.S. 77, 92-93 (2010). A corporation's nerve center is the particular location from which its officers direct, control, and coordinate the corporation's activities. Id.; Bearbones, Inc. v. Peerless Indem. Ins. Co., 936 F.3d 12, 15 (1st Cir. 2019).

Plaintiff's amended complaint alleges that it is a corporation organized pursuant to the laws of Delaware. (Docket No. 13 at p. 1.) Additionally, plaintiff states, its postal and physical address are in that state. Id. Furthermore, according to the amended complaint, plaintiff's principal place of business is located in Delaware. Id. Therefore, based on the allegations in the amended complaint, plaintiff is a citizen of Delaware. 28 U.S.C. § 1332(c)(1); Hertz, 559 U.S. at 92-93; Bearbones, 936 F.3d at 15.

A natural person is a citizen of the state where he is domiciled. See Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989); Hearts with Haiti, Inc. v. Kendrick, 856 F.3d 1, 2 (1st Cir. 2017). "Domicile is 'the place where [one] has his true, fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning.'" Hearts with Haiti, 856 F.3d at 2 (alteration in original) (quoting Rodríguez-Díaz v. Sierra-Martínez, 853 F.2d 1027, 1029 (1st Cir. 1988)).

Defendant states, "I am a resident of the state of Florida where I have lived for the past 10 years. My drivers license of the state of Florida shows my physical address which is [in Florida]." (Docket No. 9 at p. 2.) Based on these representations, the Court finds defendant is a citizen of Florida. Newman-Green, 490 U.S. at 828; Hearts with Haiti, 856 F.3d at 2.

Thus, there is complete diversity of citizenship between all plaintiffs and all defendants. 28 U.S.C. § 1332(a); Álvarez-Torres, 582 F.3d at 53. The amount in controversy exceeds $160,000. (Docket No. 13 at pp. 4-5.) As such, defendant's motion to dismiss, (Docket No. 9,) is **DENIED**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, December 17, 2019.

                                                  s/ Francisco A. Besosa
                                                  FRANCISCO A. BESOSA
                                                  UNITED STATES DISTRICT JUDGE